UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ERIC TODD LYVERS**                                                                                    **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 1:15CV-P96-GNS**

**JAMES NEWKIRK** *et al.*                                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Upon filing the instant action, Plaintiff, who is proceeding *pro se*, assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

By Order entered November 16, 2015, the Court granted Plaintiff's application to proceed without prepayment of fees, allowing him to pay the filing fee in installments (DN 7). On December 11, 2015, the United States Postal Service returned Plaintiff's copy of that Order (DN 8) to the Court with the returned envelope marked "Return to Sender, Refused, Unable to Forward." A handwritten notation indicates "RTS No Longer here." Over a month has passed without Plaintiff providing any notice of an address change. Therefore, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme

Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff having failed to file a notice of change of address, the Court concludes that he has abandoned any interest in prosecuting this case, and the Court will dismiss the action by separate Order.

Date: January 27, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.005