UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ERIC TODD LYVERS                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 1:15CV-P96-GNS

JAMES NEWKIRK *et al.*                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric Todd Lyvers, a prisoner currently incarcerated in the Luther Luckett Correctional Complex,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A.[2] For the reasons that follow, the Court will dismiss a portion of the complaint and allow a portion to continue.

**I. SUMMARY OF CLAIMS**

Plaintiff brings this civil-rights action against the following Defendants in their individual and official capacities: Kentucky State Police (KSP) Officer James Newkirk; Edmonson County Sheriff's Deputies Wally Ritter and Jordan Jones; Edmonson County Commonwealth's Attorney Tim Coleman; and public defender Sam Lowe.

In the complaint, Plaintiff alleges that on December 6, 2014, he was arrested on charges of "Poss. Cont. Sub. 1st degree, 2nd Offense (methamphetamine)"; "Drug Paraphernalia [illegible]"; "Oper Mtr Vehicle u/influence Alc/Drugs/Ect. []-1st Off"; and "Obstructed Vision and/or WindShield." He alleges that Defendant Officer Newkirk "used past history to stop and

---

[1] At the time he filed the complaint, Plaintiff was a pretrial detainee incarcerated in the Hart County Detention Center.

[2] By Memorandum and Order entered January 28, 2016 (DNs 10 & 11), the Court dismissed this action for failure to prosecute. Thereafter, Plaintiff filed a motion to reconsider, which the Court granted by Order entered December 21, 2016. The prior dismissal, therefore, was vacated, and the action was reopened.

search, then fabricated evidence against me stating said spoon, and capsule tested pos. for meth. Thus committing perjury to the Courts and Grand Jury[.]" Plaintiff attaches a KSP Report of Forensic Laboratory Examination as to the spoon and capsule showing that "No controlled substances were identified" on either material. He advises that the Report was completed on December 23, 2014, but that the grand jury "never heard my case until Feb. 2015 last of month."

Plaintiff claims that Defendant Deputy Ritter "personally assisted and conducted field test on said spoon and capsule. Stating said night that they was possitive, assisting on all fabrications of evidence to arrest and confine me." He additionally claims that Defendant Deputy Jones also "assisted and conducted" with Defendants Officer Newkirk and Deputy Ritter "with said evidence" and that the three Defendants "search my vehicle illegally after I stated due to speaking with attorney no you cant search my car."

Next, Plaintiff claims that Defendant Commonwealth's Attorney Coleman "allowed" Defendants Officer Newkirk and Defendant Deputies Ritter and Jones "to use falsified evidence against me before the Grand Jury to indict me falsely and keep me incarcerated on charges. After knowing results were back stating No Controlled Sub. identified and said results completed . . . two months before Grand Jury even heard my case." He claims that Defendant Coleman, therefore, allowed and assisted the officer/deputies with perjury.

Finally, Plaintiff alleges that Defendant Lowe, his public defender, "neglected said duties under the oath he took to represent me fairly and in accordance to law. Allowing false evidence to be used against me and keep me imprisoned on charges I did not commit." He continues that the "proof of Officers KSP Newkirk Deputies Ritter and Jones lying and falsifing evidence has tainted my whole case which should have constituded dismissal of case long before now."

2

As relief, Plaintiff seeks monetary and punitive damages, release from custody, and a public apology for false imprisonment.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>ANALYSIS</u>

### A. Claims for Equitable Relief

Plaintiff seeks an injunction ordering his release from custody. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.[3]

---

[3] Pretrial detainees, in certain circumstances, may seek habeas relief under 28 U.S.C. § 2241(c) following exhaustion of available state remedies. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S.484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial).

Plaintiff's request for a public apology will also be dismissed as it is questionable whether the Court even has the equitable power to order such relief and an apology will not provide any remedy to Plaintiff for which damages would not provide. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (concluding in a § 1983 action that "the district court exceeded its equitable power when it ordered [defendant] to apologize" and holding that "'[w]e are not commissioned to run around getting apologies'" and that an "apology will not provide any remedy to Woodruff for which the damages imposed have not already accounted") (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974)); *see also Smith v. Mesa*, No. 2:13-CV-01255-JAD, 2013 WL 6632636, at *3 (D. Nev. Dec. 13, 2013) ("A plaintiff may not secure an order in a federal civil rights action directing an officer to make a public apology . . . ."); *Kitchen v. Essex Cty. Corr. Facility*, No. CIV.A. 12-2199 JLL, 2012 WL 1994505, at *4 (D.N.J. May 31, 2012) ("The remedy of 'apology,' however, is not cognizable, either within the meaning of a § 1983 action or as a general legal remedy that a court has the power to order, under any provision."); *Garcia v. Cameron*, No. 2:10-CV-487-FTM-29, 2010 WL 5477765, at *4 (M.D. Fla. Dec. 30, 2010) ("Nor does the Court have the power to mandate jail officials to provide Plaintiff with an oral or public apology."); *Norris v. Poole*, No. CA8:10-750JFABHH, 2010 WL 1903970, at *3 (D.S.C. Apr. 19, 2010) ("The injunctive relief of compelling a government official to issue a published apology is also not available, because it is in the form of mandamus relief. . . . [and] Plaintiff fails . . . to show that 'he has a clear and indisputable right to the relief sought,' because he has no legal right to a published apology.") (internal citations omitted), *report and recommendation adopted*, No. CA8:10-750JFABHH, 2010 WL 1903971 (D.S.C. May 11, 2010).

**B. Claims for Damages**

*1. Public Defender Lowe*

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against Defendant Lowe, and the claims against him will be dismissed.

*2. Official-Capacity Claims Against Officer Newkirk
and Commonwealth's Attorney Coleman*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendants Newkirk and Coleman are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the

6

Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Grider v. City of Russell Springs, Ky.*, No. 1:05CV137-M, 2006 WL 522213, at *1 (W.D. Ky. Mar. 1, 2006) (finding official-capacity claims for damages against Kentucky State Police trooper barred by Eleventh Amendment); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment.");

Accordingly, Plaintiff's official-capacity claims against Defendants Newkirk and Coleman for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### *3. Official-Capacity Claims Against Deputies Ritter and Jones*

As indicated above, if an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Kentucky v. Graham*, 473 U.S. at 165-66. Therefore, in the case at bar, Plaintiff's claims against Defendant Deputies Ritter and Jones in their official capacities are actually brought against Edmonson County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of Edmonson County.  The complaint, therefore, fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.  Accordingly, the official-capacity claims against Defendants Deputies Ritter and Jones in their official capacities will be dismissed.

### *4. Individual-Capacity Claims*

First, Plaintiff claims that Defendants Officer Newkirk and Deputies Ritter and Jones committed perjury before the grand jury and that Defendant Commonwealth's Attorney Coleman

allowed those Defendants to commit perjury and use falsified evidence. Defendants are entitled to immunity on these claims.

"It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983)); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 442 (6th Cir. 2006) ("[A]bsolute witness immunity applies to witness testimony before a grand jury."). Thus, Defendants Officer Newkirk and Deputies Ritter and Jones "would be insulated from liability for any testimony that [each] provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock*, 167 F.3d at 1001; *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) (finding police officers immune with regard to testimony before a grand jury). Similarly, Defendant Commonwealth's Attorney Coleman is absolutely immune from suit while acting in his role as advocate during the grand jury proceeding. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) ("Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits.") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 485 (1991) ("[T]his immunity extend[s] to the knowing use of false testimony before the grand jury and at trial. . . . [and] prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial."); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Plaintiff also asserts claims of false arrest/imprisonment and unreasonable search and seizure against Defendants Officer Newkirk and Deputies Ritter and Jones. The Court will allow these claims to proceed on initial screening.

## IV.  ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that all claims for injunctive relief, all claims against Defendant Lowe, the official-capacity claims against Defendants Deputies Ritter and Jones, and the individual-capacity claims related to the grand jury proceeding are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the official-capacity claims for damages against Defendants Officer Newkirk and Commonwealth's Attorney Coleman are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant immune from such relief.

**As all claims against Defendants Lowe and Coleman have been dismissed, the Clerk of Court is DIRECTED to terminate them from this action**.

**IT IS FURTHER ORDERED that Plaintiff's claims of false arrest/imprisonment and unreasonable search and seizure shall continue against Defendants Officer Newkirk and Deputies Ritter and Jones in their individual capacity for damages**.  In permitting these claims to proceed, the Court passes no judgment on their merit and ultimate outcome.

A separate Order Directing Service and Scheduling Order will be entered to govern the development of the continuing claims.

Date: June 27, 2017

Greg N. Stivers, Judge
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
Edmonson County Attorney
4416.005