UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00096-GNS

ERIC TODD LYVERS                                                         PLAINTIFF

v.

JAMES NEWKIRK; WALLY RITTER;
and JORDAN JONES                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss/for Summary Judgment (DN 25), Defendants' Combined Motion for Summary Judgment (DN 27), Plaintiff's Motion to Supplement (DN 30), Plaintiff's Motion for Deposition by Phone (DN 32), Plaintiff's Motion for Deposition by Phone & Subpoena Duces Tecum (DN 35), Plaintiff's Supplement to Motion for Deposition by Telephone (DN 36), Plaintiff's Motions for Extension of Time (DN 44, 45), Plaintiff's Motions to Reconsider (DN 46, 49), and Defendant's Motion to Join (DN 52). For the reasons set forth below, Defendants' motions (DN 25, 27) are **DENIED**, and Plaintiff's motions and Defendant's Motion to Join are **DENIED AS MOOT**.

### I.   BACKGROUND

#### A.   Factual Background

Plaintiff Eric Todd Lyvers ("Plaintiff") brought this action against Defendants James Newkirk's ("Newkirk"), Wally Ritter ("Ritter"), and Jordan Jones ("Jones") (collectively

1

"Defendants"), asserting claims under 42 U.S.C. § 1983.[1] (Compl. 4-5). Plaintiff is an inmate at the Blackburn Correctional Complex; Newkirk is a Kentucky State Police Officer; and Ritter and Jones are Edmonson County Sheriff's Deputies. (Notice Address, DN 28). The facts set forth below are derived from the pleadings and public documents of which the Court may take judicial notice.[2] *See* Fed. R. Evid. 201(b)(2).

The Complaint states that Defendants stopped Plaintiff at a checkpoint, and then Newkirk "used past history" to extend the stop and to justify a search of Plaintiff's pockets, wherein he discovered a spoon and pill capsule. (Compl. 4). Ritter "personally assisted" Newkirk's search and subjected the spoon and contents of the capsule to a chemical test to determine whether those objects contained trace amounts of narcotics. (Compl. 4-5). Defendants then informed Plaintiff that the objects tested positive for methamphetamine and arrested him for: (1) possession of controlled substance, (2) possession of drug paraphernalia, (3) operating a motor vehicle under the influence of alcohol or drugs, and (4) obstructing the windshield of his vehicle. (Compl. 4-5). After the arrest, Jones "search[ed] [Plaintiff's] vehicle . . . ." (Compl. 4- 5).

Subsequently, the Commonwealth of Kentucky initiated criminal proceedings against Plaintiff. On December 23, 2015, the Edmonson District Court held a preliminary hearing and found probable cause to bind Plaintiff over for trial on various charges, including the charge of driving while under the influence,[3] KRS 189A.010. (Defs. Ritter & Jones' Mot. Summ. J. Ex. 3,

---

[1] Plaintiff also brought claims against other individuals. (Compl. 4-5, DN 1). On June 27, 2017, however, this Court conducted an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A and dismissed all of Plaintiff's claims except for those against Defendants for false arrest/imprisonment, and unreasonable search and seizure. (Mem. Op. & Order 9-10, DN 20).

[2] The Court notes that the record is relatively devoid of facts other than those contained in Defendants' declarations and the police report. Given that Plaintiff has not had an opportunity to dispute the facts contained in those documents, the Court will not rely on them at this time.

[3] On that same date, Wendy M. Vent—a forensic chemist who works for the Kentucky State Police—submitted a laboratory report (the "Lab Report") stating that neither the spoon nor pill

2

DN 27-4). In addition, the Edmonson Circuit Court grand jury indicted Plaintiff on charges which the judge conducting the preliminary hearing had found to be supported by probable cause. (Defs. Ritter & Jones' Mot. Summ. J. Ex. 4, DN 27-5). Later, Plaintiff pleaded guilty to operating a motor vehicle while under the influence of alcohol or drugs. (Def. Newkirk's Mot. Dismiss Ex. B, DN 25-3). The Edmonson Circuit Court sentenced Plaintiff to 30 days' imprisonment, and the Commonwealth dismissed all other charges.[4] (Def. Newkirk's Mot. Dismiss Ex. B, DN 25-3; Pl.'s Resp. Newkirk's Mot. Dismiss Mot. Summ. J. Ex. A, DN 29-1).

B. **Procedural History**

After serving his sentence, Plaintiff filed this action. Though not entirely clear, he seems to allege that Defendants violated federal law when they falsely arrested and imprisoned him without probable cause. (Compl. 4-5). Further, he appears to contend that Defendants are liable to him under 42 U.S.C. § 1983 on the grounds that Defendants violated his Fourth Amendment rights during the course of the traffic stop. (Compl. 5).

In response, Defendants filed motions[5] asking the Court to dismiss Plaintiff's claims. (Newkirk's Mem. 1-16; Ritter & Jones' Mem. 1-17). Defendants assert that the Complaint fails to state a claim pursuant to principles of collateral estoppel and the *Heck* doctrine. (Newkirk's Mem. 5-10; Defs. Ritter & Jones' Mem. 10-14). Further, Newkirk avers that the Complaint

---

capsule seized during the course of Plaintiff's traffic stop contained identifiable traces of narcotics. (*See* Report Forensic Laboratory Examination, DN 1).

[4] As noted, Plaintiff is currently incarcerated at the Blackburn Correctional Facility. The parties have not made clear whether Plaintiff's current incarceration is connected to his guilty plea for driving while under the influence of alcohol or drugs.

[5] Newkirk's motion is captioned "Motion to Dismiss Motion for Summary Judgment," and Ritter and Jones' motion is styled "Motion for Summary Judgment." (Mem Supp. Def. Newkirk's Mot. Dismiss Mot. Summ. J., DN 25-1 [hereinafter Newkirk's Mem.]; Defs. Ritter & Jones' Mem. Supp. Summ. J., DN 27-1 [hereinafter Ritter & Jones' Mem.]).

should be dismissed because Plaintiff's guilty plea to the charge of driving under the influence bars him from challenging his arrest and any pre-arrest conduct. (Newkirk's Mem. 9).[6]

After Defendants filed their dispositive motions, Plaintiff submitted responses and a number of discovery requests and motions. Specifically, Plaintiff served Defendants with requests for production of documents and interrogatories. (*See, e.g.*, Joint Mot. Stay Disc. Ex. 1, DN 33-1). Moreover, he moved the Court to permit him to supplement his response to Newkirk's motion and to allow him to depose two individuals—Blake Chambers ("Chambers"), a Commonwealth's Attorney, and Vent—telephonically.[7] (Pl.'s Mot. Suppl. Resp. Newkirk's Motion, DN 30; Pl.'s Mot. Dep. Phone, DN 32, 35; Pl.'s Suppl. Mot. Dep. Phone, DN 36).

Upon receiving service of Plaintiff's discovery requests, Defendants moved to stay discovery pending the resolution of their dispositive motions, asserting that many of the arguments raised in those motions speak to the sufficiency of the Complaint rather than the facts of the case and that a finding from the Court that the Complaint fails to state a claim would render discovery unnecessary. (Joint Mot. Stay Disc. 1-2, DN 33). On November 7, 2017, this Court granted Defendants' motion and stayed discovery. (Order, DN 43).

Presently, two dispositive motions are pending before this court: (1) Newkirk's Motion to Dismiss or Motion for Summary Judgment, and (2) Ritter and Jones' Motion for Summary Judgment. The subject motions have been fully briefed and are ripe for adjudication.

## II. JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's Section 1983 claims under 28 U.S.C. § 1331 because a federal question is presented.

---

[6] Defendants also argue that summary judgment is appropriate in this case. As explained below, however, the Court will not entertain those arguments at this time.
[7] Plaintiff's motion to supplement and motions for deposition by phone are unopposed.

4

### III. STANDARD OF REVIEW

Though Defendants raise arguments in their dispositive motions claiming entitlement to summary judgment, the Court will only address Defendants' arguments insofar as they challenge the sufficiency of the Complaint. Ruling on Defendants' summary judgment arguments[8] is improper at this time because Defendants have not yet responded to Plaintiff's discovery requests and, therefore, Plaintiff has not had an opportunity to discover facts that might oppose those arguments.[9] *See Cunningham v. Osram Sylvania, Inc.*, 221 F. App'x 420, 423 (6th Cir. 2007) (stating that courts should permit "a period of discovery prior to ruling on a motion for summary judgment . . . ." (citation omitted)); *see also Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 926 (6th Cir. 1980) (concluding that the trial court erred in granting summary judgment when non-moving party had not received responses to discovery requests).

In order to survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area*

---

[8] Defendants raise a number of arguments in support of summary judgment. Newkirk asserts he had probable cause to arrest/imprison Plaintiff and search Plaintiff's pockets, and, therefore, he is entitled to summary judgment on Plaintiff's false arrest and unlawful search claims. (Newkirk's Mem. 7-9). He further avers that he searched Plaintiff's pockets as a valid search incident to arrest. (Newkirk's Mem. 7-9). For their part, Ritter and Jones contend that they are entitled to summary judgment on Plaintiff's false arrest/imprisonment claims because neither of them actually arrested/imprisoned Plaintiff. (Defs. Ritter & Jones' Mem. 5-6). Ritter also seeks summary judgment on Plaintiff's claim that he unlawfully searched Plaintiff's pockets on the ground that Plaintiff consented to that search. (Defs. Ritter & Jones' Mem. 6-7). In addition, Jones claims he is entitled to summary judgment on Plaintiff's claim that he unconstitutionally searched Plaintiff's vehicle, asserting that his search of Plaintiff's vehicle was a valid search incident to arrest. (Defs. Ritter & Jones' Mem. 6-7). Finally, Defendants claim that the doctrine of qualified immunity bars Plaintiff's claims. (Newkirk's Mem. 14; Defs. Ritter & Jones' Mem. 14-17). Each argument would require the Court to consider the facts of the case rather than the allegations contained in the Complaint. As such, these motions are properly characterized as seeking summary judgment.

[9] While the Court recognizes that Defendants have not responded to Plaintiff's discovery requests because this Court stayed discovery, it also notes that Defendants requested the stay on the ground that Plaintiff had "failed to state a claim upon which relief may be granted," and this Court explicitly granted the stay for that reason. (Joint Mot. Stay Disc. 1; Order 1).

*Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks and citation omitted). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

Of course, a complaint does not state a plausible claim if all claims asserted are barred as a matter of law. The Sixth Circuit and sister courts have recognized that a complaint should be dismissed for failure to state a claim if the claims in it are barred by preclusion doctrines and other similar rules. *See Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 434 (6th Cir. 2012) (recognizing that a complaint fails to state a claim if collateral estoppel precludes the claims in it); *A.M. v. City of Detroit*, No. CIV.A. 04CV73442, 2006 WL 381646, at *2 (E.D. Mich. Feb. 16, 2006) (dismissing claim as *Heck*-barred during pleading phase); *Insight Ky. Partners II, L.P. v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:16-CV-00625-CRS, 2017 WL 1193065, at *4 (W.D. Ky. Mar. 30, 2017) (finding that a complaint may be dismissed for failure to state a claim if a plaintiff has waived all claims raised therein).

## IV. **DISCUSSION**

Construing the Complaint liberally, the Court finds that Plaintiff asserts two types of Section 1983 claims. First, he claims that Defendants falsely arrested/imprisoned him without probable cause.[10] (Compl. 4-5). Second, he argues that: (1) Newkirk and Jones violated the Fourth Amendment when they searched his pockets without a warrant; and (2) Jones violated the Fourth Amendment when he searched Plaintiff's vehicle without a warrant. (Compl. 5).

---

[10] "False arrest and false imprisonment claims" arising under 42 U.S.C. § 1983 "are functionally the same and the Court applies the same analysis to both claims." *Reid v. West*, No. 2:14-CV-334, 2015 WL 268980, at *4 n.2 (E.D. Tenn. Jan. 21, 2015) (citation omitted).

6

Defendants counter that Plaintiff's claims fail on the pleadings for three reasons. First, Defendants assert that the doctrine of collateral estoppel bars Plaintiff from relitigating the issue whether Defendants had probable cause to arrest/imprison him and that, because Plaintiff must show that Defendants arrested him without probable cause in order to prevail on his false arrest/imprisonment claim,[11] that claim must be dismissed. (Newkirk's Mem. 5-6; Defs. Ritter & Jones' Mem. 10-11). Second, Defendants claim that the *Heck* doctrine bars Plaintiff's claims because a judgment favorable to Plaintiff on any of his claims would necessarily undermine the validity of his conviction.[12] (Newkirk's Mem. 6-7; Defs. Ritter & Jones' Mem. 12-14). Third, Newkirk asserts that Plaintiff's guilty plea to the charge of driving while under the influence of alcohol or drugs acts as a waiver of any challenges to Plaintiff's arrest or Defendants' pre-arrest conduct.[13] (Newkirk's Mem. 9). The Court will address each of Defendants' arguments in turn.

### A. <u>Collateral Estoppel</u>

The Sixth Circuit has concluded that "issues actually litigated in a state-court proceeding are entitled to preclusive effect in a subsequent § 1983 suit to the extent provided by the law of preclusion in the state where judgment was rendered." *Donovan v. Thames*, 105 F.3d 291, 294 (6th Cir. 1997) (citing *Allen v. McCurry,* 449 U.S. 90, 102 (1980)). Under Kentucky law, an issue decided during criminal proceedings—including a guilty plea—may not be relitigated in a

---

[11] *See, e.g.*, *Reid*, 2015 WL 268980, at *4 (noting that "a plaintiff must show that he was arrested without probable cause" to prevail "on a false arrest/false imprisonment claim").

[12] As discussed below, the *Heck* doctrine holds that a criminal defendant who later files suit under Section 1983 must have his criminal conviction overturned on appeal or called into question via habeas proceedings before he may assert claims that imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[13] Though not entirely clear, Newkirk seems to assert that Plaintiff's guilty plea amounts to an admission that Defendants did not act unlawfully when they arrested/imprisoned him and searched his pockets and vehicle. (Newkirk's Mem. 5-6). He raises his argument in a section titled "The Doctrine of Collateral Estoppel," but, because he does not explain which issues Plaintiff is estopped from litigating, the Court perceives the argument as sounding in waiver rather than estoppel.

7

subsequent civil proceeding if the issue was actually litigated, decided on the merits, and necessary to the result of the case. *Ray v. Stone*, 952 S.W.2d 220, 224-25 (Ky. App. 1997); *see also Paducah Bank & Tr. Co.*, 314 S.W.3d 310, 311 (Ky. App. 2010).

Defendants claim that Plaintiff is estopped from litigating the issue whether Defendants had probable cause to arrest him first because Plaintiff's guilty plea to the charge of driving under the influence precludes litigation of that issue. Ritter and Jones further contend that issue cannot be litigated in this action because the Edmonson District Court found probable cause to bind Plaintiff over for trial on various charges and a grand jury indicted Plaintiff on some of those charges. (*See* Newkirk's Mem. 5-6; Defs. Ritter & Jones' Mem. 9-11). The Court finds neither argument persuasive.

### 1. *Guilty Plea*

Contrary to Defendants' position, the U.S. Supreme Court recognized in *Haring v. Prosise*, 462 U.S. 306 (1983), that a criminal defendant's guilty plea does not usually bar him from later challenging the constitutionality of pre-plea police conduct. In *Haring*, the Supreme Court held that Virginia's collateral estoppel doctrine—which precludes a litigant from raising an issue if it was actually litigated, decided on the merits, and necessary to the resolution of the prior proceeding—did not prohibit a criminal defendant who pleaded guilty to an offense in a Virginia court from later bringing a Section 1983 claim challenging the legality of police officers' pre-plea conduct. *Id.* at 316-17. It reasoned that the defendant's guilty plea did not satisfy the elements of collateral estoppel because, when a defendant pleads guilty: (1) he "decline[s] to contest his guilt in any way," and, therefore, "no issue"—except perhaps the issue of innocence—is "actually litigated in the state proceeding"; (2) the only issue resolved on the merits is the defendant's guilt; and (3) a court may accept that plea without determining whether

a police officer has engaged in illegal conduct. *Id.* at 316 ("The only question raised by the criminal indictment and determined by [the defendant's] guilty plea . . . was whether [the defendant] unlawfully engaged in the manufacture of a controlled substance.").

The Court does not perceive a meaningful distinction between *Haring* and the case at bar. As noted, Kentucky's collateral estoppel doctrine, like Virginia's, only prohibits a litigant from litigating an issue that was actually litigated and necessarily decided on the merits during the course of a prior proceeding. *See Ray*, 952 S.W.2d at 224-25. Thus, as in *Haring*, because Plaintiff pleaded guilty, the parties did not actually litigate and the Edmonson Circuit Court did not necessarily decide *any* issues related to whether Defendants had a proper basis to arrest him. *See Haring*, 462 U.S. at 316. Thus, under Kentucky law, Plaintiff's guilty plea does not bar him from litigating the issue whether Defendants had probable cause to arrest him, and, therefore, the Court will not dismiss his false arrest/imprisonment claim on that basis.

To avoid this result Ritter and Jones point to Sixth Circuit cases, all of which are inapposite to the precise issue in this case.[14] (*See* Defs. Ritter & Jones' Mem. 10-11). For example, they cite *Daubenmire v. City of Columbus*, 507 F.3d 383 (6th Cir. 2007), a case in which the Sixth Circuit relied on *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988), to hold that the plaintiffs' no-contest pleas in state court precluded them from litigating the reasonableness of their arrests. *Daubenmire*, 507 F.3d at 389-90. Those cases, however, required the Sixth Circuit to determine the preclusive effect of events that occurred throughout the course of criminal proceedings in *Ohio*, and, as such, the Sixth Circuit applied *Ohio law* rather than Kentucky

---

[14] Newkirk cites no authority to support the proposition that a guilty plea entered in a Kentucky court precludes litigation of issues other than the criminal defendant's innocence.

preclusion law in both instances.[15] *See, e.g.*, *Walker*, 854 F.2d at 143 n.1; *see also Donovan*, 105 F.3d at 294 (citation omitted). As the Sixth Circuit explained in *Walker*, "[u]nder Ohio law, '[a] guilty finding in a criminal proceeding . . . constitutes an absolute defense to an action for false arrest or false imprisonment.'" *Id.* (citations omitted). Kentucky preclusion law—which is identical to the Virginia law at issue in *Haring*—does not have a similar rule.

### 2. *Preliminary Hearing & Indictment*

Similarly, the issue whether Defendants had probable cause to arrest Plaintiff was not raised, actually litigated, or necessarily decided during the course of the preliminary or grand jury hearings. As this Court has noted, the Kentucky Rules of Criminal Procedure state that a "preliminary hearing is held to determine whether there exists probable cause that a crime was committed, not to determine whether the police had probable cause at the moment of the arrest." *United States v. Jimenez*, No. 5:13-CR-00045-TBR-1, 2014 WL 2816018, at *4 n.3 (W.D. Ky. June 23, 2014), *aff'd*, 654 F. App'x 815 (6th Cir. 2016) (citing Ky. R. Crim. P. 3.02(2)); *see also Commonwealth v. Wortman*, 929 S.W.2d 199, 200 (Ky. App. 1996) ("The sole purpose of a preliminary hearing under our rules is to determine whether there is probable cause to believe that the defendant committed a felony and, if so, whether and under what conditions he is to be released pending indictment." (citations omitted)). Moreover, under Kentucky law, a grand jury indictment creates a presumption that "the prosecutor had reasonable grounds *for the prosecution*"—not that the arresting officers had probable cause to *arrest*. *See Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 607 (Ky. App. 2006) (internal quotation marks omitted) (citations omitted). Therefore, neither the Edmonson District Court's findings during

---

[15] To reiterate, "issues actually litigated in a state-court proceeding are entitled to preclusive effect in a subsequent § 1983 suit *to the extent provided by the law of preclusion in the state where judgment was rendered*." *Donovan*, 105 F.3d at 294 (emphasis added) (citation omitted).

the preliminary hearing nor grand jury's findings have a preclusive effect on the issue of whether Defendants had probable cause to arrest Plaintiff.

Urging the opposite result, Ritter and Jones cite two cases—*Fields v. Louisville/Jefferson County Metro Government*, No. CIV A 3:07-CV-134-S, 2007 WL 4224216, at *6 (W.D. Ky. Nov. 27, 2007), and *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998)—neither of which govern here. Those cases hold that a state court preliminary finding of probable cause to prosecute bars a plaintiff from raising a *malicious prosecution* claim under Section 1983. *See Smith*, 136 F.3d at 1077; *Fields*, 2007 WL 4224216, at *6. As noted above, however, a finding of probable cause to prosecute is distinct from a finding of probable cause to arrest.[16] *See Jimenez*, 2014 WL 2816018, at *4.

The issue whether Defendants had probable cause to arrest Plaintiff was not litigated or decided during the course of the preliminary hearing or grand jury proceedings. Therefore, collateral estoppel does not preclude litigation of that issue, and the Court will not dismiss Plaintiff's claim for false arrest/imprisonment on this basis.

**B.     *Heck* Doctrine**

Next, Defendants argue that Plaintiff's claims are bound by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Newkirk's Mem. 6-7; Ritter & Jones' Mem. 12-14). In particular, Defendants assert that because a judgment in favor of Plaintiff on any of his claims would necessarily imply the invalidity of his conviction, Plaintiff is barred from raising these claims unless and until he succeeds in overturning his conviction on appeal or via habeas

---

[16] This conclusion is underscored by *Smith*—a case on which Ritter and Jones rely. In that case, the Sixth Circuit analyzed the *merits* of the plaintiff's Section 1983 false arrest/imprisonment claim, but dismissed the plaintiff's malicious prosecution claim pursuant to collateral estoppel, reasoning that because the plaintiff had litigated the issue whether the state had probable cause to *prosecute* him during a preliminary hearing, he could not relitigate that issue. *Id.* at 1076-77.

proceedings. (Newkirk's Mem. 6-7; Ritter & Jones' Mem. 12-14). Again, Defendants' contention is without merit.

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted) (citations omitted). *Heck*'s favorable termination requirement, however, does not apply in all cases. Indeed, the Sixth Circuit has held that requirement is inapplicable in situations where a state prisoner is "imprisoned for at least one, but not more than thirty, days . . . ." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). This is because, the Sixth Circuit explained, "[u]nder [such] circumstances, there is no way that [the Section 1983 plaintiff] could have obtained habeas review of his incarceration." *Id.*

Here, the formal sentencing order—a public document which the Court may consider in reviewing the sufficiency of a complaint—states that the Commonwealth sentenced Defendant to 30 days' imprisonment for driving under the influence of alcohol or drugs. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). Because Plaintiff served an amount greater than 30 days while awaiting his sentence, he was released for time

12

served. (Pl.'s Resp. Newkirk's Mot. Dismiss Mot. Summ. J. Ex. A). In other words, by the time Plaintiff's sentence began, he had already served his sentence; accordingly, as in *Powers*, Plaintiff could not have obtained habeas relief. Thus, *Heck* does not bar his Section 1983 claims.

### C.     Waiver

Lastly, Newkirk seems to assert that by pleading guilty to driving under the influence Plaintiff essentially admitted that Defendants did not act unlawfully when they arrested/imprisoned him and searched his pockets and vehicle and that, he cannot now complain of those actions in a Section 1983 action. (Newkirk's Mem. 5-6). That is not so. In *Haring*, the Supreme Court explicitly held that courts cannot infer from a Section 1983 plaintiff's state-court guilty plea that he has no meritorious civil rights claims regarding the nature of his arrest and events surrounding it. *See Haring*, 462 U.S. at 318. Further, the Supreme Court rejected the proposition that by pleading guilty, a Section 1983 plaintiff waives constitutional challenges to his arrest and any pre-arrest conduct. *Id.* at 319. Thus, Plaintiff's guilty plea does prevent him from raising claims challenging the basis for his arrest or the search of his pockets and vehicle.

### V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Newkirk's Motion to Dismiss and Motion for Summary Judgment (DN 25) and Defendants Ritter and Jones' Combined Motion for Summary Judgment (DN 27) are **DENIED**.

2.     Plaintiff's Motion to Supplement (DN 30), Plaintiff's Motion for Deposition by Phone (DN 32), Plaintiff's Motion for Deposition by Phone & Subpoena Duces Tecum (DN 35), Plaintiff's Supplement to Motion for Deposition by Telephone (DN 36), Plaintiff's Motions for Extension of Time (DN 44, 45), and Plaintiff's Motions to Reconsider (DN 46, 49) and

13

Defendant's Motion to Join (DN 52) are **DENIED AS MOOT**. Because the Court is denying Defendants' motions, discovery will proceed in this matter.

3. The Court will enter a revised scheduling order resetting discovery and pretrial deadlines.

**Greg N. Stivers, Judge
United States District Court**

December 7, 2017

cc: counsel of record
Plaintiff, *pro se*